# EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 24 CV 000013 |
|---|---|
| Pender County | In The General Court Of Justice<br>☐ District ☑ Superior Court Division |

| Name And Address Of Plaintiff 1<br>Anthony Russell Tatum<br>363 Sloop Point Loop Road<br>Hampstead, N.C. 28443 | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☑ INITIAL FILING ☐ SUBSEQUENT FILING<br>Rule 5(b), General Rules of Practice For Superior and District Courts |
|---|---|
| Name And Address Of Plaintiff 2<br>2024 JAN -5 P 12: 53<br>PENDER CO., C.S.C. | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)<br>Anthony Russell Tatum<br>363 Sloop Point Loop Road<br>Hampstead N.C. 28443 |

**VERSUS**

| Name Of Defendant 1<br>X Corp. | Telephone No. | Cell Telephone No.<br>910-386-9394 |
|---|---|---|
| | NC Attorney Bar No. | Attorney E-Mail Address<br>proto.chromium@gmail.com |
| Summons Submitted ☐ Yes ☐ No | ☑ Initial Appearance in Case | ☐ Change of Address |
| Name Of Defendant 2<br>Elon Musk | Name Of Firm | |
| | FAX No. | |
| | Counsel for<br>☐ All Plaintiffs ☐ All Defendants ☐ Only (List party(ies) represented)<br>Self | |
| Summons Submitted ☐ Yes ☐ No | | |
| ☑ Jury Demanded In Pleading<br>☐ Complex Litigation | ☐ Amount in controversy does not exceed $15,000<br>☐ Stipulate to arbitration | |

**TYPE OF PLEADING**

(check all that apply)
- ☐ Amend (AMND) *Assess Motions Fee (SEE NOTE)*
- ☐ Amended Answer/Reply (AMND-Response) *Assess Motions Fee (SEE NOTE)*
- ☐ Amended Complaint (AMND) *Assess Motions Fee*
- ☐ Answer/Reply (ANSW-Response) *(SEE NOTE)*
- ☐ Change Venue (CHVN) *Assess Motions Fee*
- ☑ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL) *Assess Motions Fee*
- ☐ Contempt (CNTP) *Assess Motions Fee*
- ☐ Continue (CNTN) *Assess Motions Fee*
- ☐ Compel (CMPL) *Assess Motions Fee*
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim (List On Back) (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD) *Assess Motions Fee*
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL) *Assess Motions Fee*
- ☐ Extend Time For Complaint (EXCO) *Assess Motions Fee*

(check all that apply)
- ☐ Failure To Join Necessary Party (FJNP) *Assess Motions Fee*
- ☐ Failure To State A Claim (FASC)
- ☐ Improper Venue/Division (IMVN) *Assess Motions Fee*
- ☐ Intervene (INTR) *Assess Motions Fee*
- ☐ Interplead (OTHR) *Assess Motions Fee*
- ☐ Lack Of Jurisdiction (Person) (LJPN) *Assess Motions Fee*
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) *Assess Motions Fee*
- ☐ Rule 12 Motion In Lieu of Answer (MDLA) *Assess Motions Fee*
- ☐ Sanctions (SANC) *Assess Motions Fee*
- ☐ Set Aside (OTHR) *Assess Motions Fee*
- ☐ Show Cause (SHOW) *Assess Motions Fee*
- ☐ Transfer (TRFR) *Assess Motions Fee*
- ☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD) *Assess Motions Fee*
- ☐ Withdraw as Counsel (WDCN) *Assess Motions Fee*
- ☐ Other *(specify and list each separately)*

NOTE: See Side Two for a list of motions not subject to the motions fee.
NOTE: Assess fee only if court permission is required to amend.

**CLAIMS FOR RELIEF**

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☐ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)

- ☐ Injunction (INJU)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☑ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)

- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Possession Of Personal Property (POPP)
- ☑ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☐ Other *(specify and list separately)*

| Date<br>1/5/2024 | Signature Of Attorney/Party<br>Anthony Tatum |
|---|---|

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752) or Court Action (AOC-CV-753) cover sheet.

(Over)
AOC-CV-751, Rev. 6/11, © 2011 Administrative Office of the Courts

Case 7:24-cv-00081-D Document 1-1 Filed 02/12/24 Page 2 of 9

**DO NOT CHARGE MOTIONS FEE**
Assess Costs (COST) Including Attorney's Fees (ATTY)
Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
Modification Of Child Support In IV-D Actions (MSUP)
Notice Of Dismissal With Or Without Prejudice (VOID)
Petition To Sue As Indigent (OTHR)

**DO NOT CHARGE MOTIONS FEE. FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Forclosure) (RSOT)
Supplemental Procedures (SUPR)

**DO NOT CHARGE MOTIONS FEE. OTHER FEES APPLY**
Motion For Out-of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out Of State Attorney/Pro Hac Vice Fee)
Request For Subpoena By Out-Of-State Attorney

| No. | ☐ Additional Plaintiff(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

| No. | ☑ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| 1 | Leave open | ☐ Yes ☑ No |
| 2 |  | ☐ Yes ☑ No |
| 3 |  | ☐ Yes ☑ No |
| 4 |  | ☐ Yes ☑ No |
| 5 |  | ☐ Yes ☑ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 24CVS 13 |
|---|---|
| PENDER County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

**Name Of Plaintiff**
Anthony Russell Tatum

**Address**
363 Sloop Point Loop Road

**City, State, Zip**
Hampstead N.C. 28443

VERSUS

**Name Of Defendant(s)**
X Corp.
Elon Musk

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| X Corp, CA Registered Agent<br>Amanda Garcia<br>330 N Brand Blvd, Glendale, CA | Elon Musk, CA Registered Agent<br>Amanda Garcia<br>330 N Brand Blvd, Glendale, CA |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Anthony Tatum
363 Sloop Point Loop Road
Hampstead N.C. 28443

**Date Issued:** 1-5-24   **Time:** 12:52 ☐ AM ☒ PM

**Signature**

☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**   **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

TRUE COPY
ATTEST
CLERK OF SUPERIOR COURT
PENDER COUNTY

BY _____
ASSISTANT, CLERK SUPERIOR COURT

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# UNITED STATES SUPERIOR COURT IN THE SIXTH DISTRICT OF NORTH CAROLINA

**Anthony Tatum**

Plaintiff, representing himself 'pro se'

vs.

**X Corp., Elon Musk**

Defendants

FILED

2024 JAN -5 P 12: 53

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

NOW COMES Plaintiff, Anthony Tatum, for his complaint against X Corp. and Elon Musk hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this act under N.C. G.S §99B-5 Product Liability Claims based on inadequate warning or instruction.
2. This Court has personal jurisdiction over the defendant corporation pursuant to the following statutes N.C. G.S. §1-75.4 (4) (b) because the defendant corporation products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade.
3. Venue is appropriate in this judicial district under 28 U.S.C . §1391 (b) because a substantial part of the events that gave rise to this Complaint occurred in this district.

### PARTIES

4. Plaintiff, Anthony Tatum, is a citizen of the United States and resides in the County of Pender, State of North Carolina, which is in this judicial district.
5. Defendant, X Corp., is an American technology company. X Corp. was previously known as Twitter, Inc. until it was purchased on October 27, 2022 and the legal name changed to X Corp.
6. Defendant, Elon Musk, is the majority owner of X Corp. and is Executive Chairman and CTO and was the CEO from time of purchase until June 5, 2023 when a new CEO was appointed. Defendant is sued in his corporate capacity as it relates to his role as CEO, Chairman and CTO of X Corp.

### GENERAL ALLEGATIONS

7. According to N.C. G.S. §99B-5 Claims based on inadequate warning or instruction, Plaintiff must prove that the manufacturer or seller acted unreasonably in failing to provide adequate warning or instruction, that the failure to provide adequate warning or instruction

was a proximate cause of the harm for which damages are sought, and also proves one of the following:

(1) At the time the product left the control of the manufacturer or seller, the product, without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.

(2) After the product left the control of the manufacturer or seller, the manufacturer or seller became aware of or in the exercise of ordinary care should have known that the product posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

8. X Corp., previously Twitter, has a history of use by anonymous accounts, hackers, high profile accounts, terrorist accounts and groups. At the time of the Plaintiffs events, neither Twitter nor X Corp. provided adequate warnings about these dangers. Plaintiff alleges that X, the product, without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.
9. Plaintiff used the X application under an assumption that the safety of the product and interaction with users was comparable to standard internet browsing.
10. On or about July 30, 2020, Plaintiff and Elon Musk began communicating in a manner called 'sub tweeting'. Sub tweeting is defined by the oxford dictionary as 'a post that refers to a particular user without directly mentioning them'. This sub tweeting continued until Plaintiff deactivated his X accounts in the summer of 2023.
11. A series of events occurred as a result of this sub tweeting. Plaintiff purchased Dogecoin, a digital currency, in December, 2020 after Elon tweeted 'One word. Doge'. Plaintiff joined the XPrize Gigaton CO2 Removal competition after Elon tweeted that he was donating $100 million to the competition.
12. In September, 2021, Plaintiff resigned from his position as lead analyst at Eaton Corporation and began focusing entirely on the XPrize. Due to loss of income, Plaintiff sold his house and moved to Florida in April 2022 to continue the XPrize competition and seek employment.
13. Plaintiff did not win the XPrize competition and could not find employment. Plaintiffs partner in the XPrize competition, a PhD Chemist who has research focus in A.I. and Technomimetics, suggested that the Plaintiff begin developing stock market prediction code using modern A.I. and machine learning techniques and suggested that he might have a purchaser of the code if it is functional. While seeking employment, Plaintiff began developing stock prediction computer code using A.I. and machine learning techniques.

2

14. Plaintiff shared these developments on X and sought to meet people and build relationships and business opportunity on the X application. These stock market and A.I. developments were encouraged by the Defendant via the sub tweeting communication.
15. Plaintiff began seeking investment on X by tweeting at some high profile investor's accounts including Elon Musk, Marc Andreessen, Jason Calacanis, Marc Cuban and others.
16. Plaintiff created a second X account, @heliosnn, which he used specifically for building the A.I. applications and creating a community around Generative Art using Stable Diffusion and A.I. business plans. Communications began via this second account with multiple groups and accounts in the generative art and A.I. domain, including a direct tweet from the head of A.I. at Meta, previously Facebook, Yann LeCun.
17. Plaintiff began noticing that his computer and some of his remote servers were acting strange, e.g., his website was crashing unexpectedly, program libraries were changing and his laptop memory was randomly reaching capacity. Plaintiff suspected that he had been hacked by some of the accounts he had been interacting with on X because those accounts had shared links which Plaintiff opened. Plaintiff began to attempt to remedy the hack.
18. During these events, on May 15, 2023, Plaintiff was hired by Orion180 insurance as an accounting analyst. During employment at Orion180 Insurance, Plaintiff noticed some vulnerability in the software system Orion180 was using that could present insurance agents with the potential for fraud.
19. Due to the Plaintiffs personal security breach, Plaintiff began realizing a potential for entrapment or a setup due to his knowledge of the fraud vulnerability at Orion180. Plaintiff notified Orion180 that he had identified a potential vulnerability in their system and that this knowledge would increase Plaintiffs risk exposure so he would need a signed legal statement releasing Plaintiff of liability due to this knowledge. Company Orion 180 refused to provide this security and Plaintiff was let go.
20. Due to this loss of income, Plaintiff then had to leave his apartment in Florida prior to the end of lease and move back to his family home in Pender County, North Carolina.

## COUNT I
### Product Liability Failure to Provide Adequate Warning or Instruction
### (N.C. G.S §99B-5)

21. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.
22. Because of the history of dangerous activities occurring on Twitter, Defendant X Corp. acted unreasonably by not adequately warning or instructing Plaintiff of the potential hazards from advanced hackers.
23. At the time the product left the control of the manufacturer or seller, the product, without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.
24. As a proximate result of this violation, Plaintiff has sustained damages:
    a. Loss of wages.
    b. Moving expenses and payment of outstanding lease.

3

## COUNT II

### Negligence of CEO

25. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

26. Defendant Elon Musk, as CEO, had a duty to act responsibly on the product and this duty was compromised by the sub tweeting between Elon Musk and Plaintiff and that constitutes negligence on behalf of Defendant.

27. As a proximate result of this violation, Plaintiff has sustained damages:

    a. Loss of wages.

    b. Moving expenses and payment of outstanding lease.

WHEREFORE, Plaintiff requests that this Court enter judgement against X Corp. and Elon Musk providing the following relief:

(a) Compensatory damages in the amount of $37,500 due to loss of wages over the past 6 months;
(b) Compensatory damages in the amount of $5,000 for leaving the apartment early;
(c) Punitive damages in the amount of $127,500 for negligence of the CEO;
(d) An award for reasonable attorney's fees;
(e) Take other appropriate measures to overcome the above described dangers posed;
(f) Such other and further relief as the Court deems appropriate.

Defendant representing himself 'pro se': Anthony Tatum

*/s/ Anthony Tatum*

State of North Carolina

Acknowledgement

County of Pender

I, the undersigned Notary Public, do hereby certify that the foregoing instrument was acknowledged before me this **5th** day of **Jan 24** and the document was executed by the above named **Anthony Tatum** of his/her own free will.

Witness my hand and seal this **5th** day of **Jan** 2024.

*Doris P. Carlton*

Notary Public for North Carolina

Commission expires: **5/1/27**

[Notary Seal: DORIS P. CARLTON, NOTARY PUBLIC, PENDER COUNTY, NC]

4